IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATHEW FARINA and FAITH ROHDE,** | ) ) ) ) **Civil Action No.** |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) |
| **TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC and JEFFERSON CAPITAL SYSTEMS, LLC,** | ) ) ) ) ) |
| **Defendants.** | ) ) ) |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers, Mathew Farina and Faith Rohde, against Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Jefferson Capital Systems. LLC ("Jefferson Capital") for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 692, *et seq*. ("FDCPA").

### THE PARTIES

1. Plaintiffs Mathew Farina and Faith Rohde are adult individuals residing in King of Prussia, Pennsylvania.

2. Trans Union is a Delaware limited liability company registered to conduct business in the Commonwealth of Pennsylvania.

3. Equifax is a Georgia limited liability company registered to conducts business in the Commonwealth of Pennsylvania.

4. Jefferson Capital is a Georgia limited liability company registered to conducts business in the Commonwealth of Pennsylvania.

## JURISDICTION & VENUE

5. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

7. Mr. Farina and Ms. Rohde are each a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c), 15 U.S.C. §1692a(3).

8. Trans Union and Equifax are each a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

9. Jefferson Capital is a "furnisher of information" and "debt collector" as those terms are defined by the FCRA and FDCPA. 15 U.S.C. §1681s-2(b), 15 U.S.C. §1692(a)(6).

***Plaintiff Faith Rohde's Allegations against Trans Union, Equifax, and Jefferson Capital***

10. Jefferson Capital has been attempting to collect a debt related to a Sprint bill that does not belong to Ms. Rohde because Ms. Rohde never had Sprint as a service provider.

11. Jefferson Capital further furnished information to Trans Union and Equifax regarding the alleged debt who have included the false and inaccurate information in Ms. Rohde's credit files and in credit reports sold about her to credit grantors known and unknown.

12. The above contacts by Jefferson Capital were "communications" relating to a "debt" as defined by the FDCPA. 15 U.S.C. §§ 1692a(2), 1692a(5).

13. Defendants have been reporting derogatory and inaccurate statements and information relating to Ms. Rohde and Ms. Rohde's credit history to third parties (the "inaccurate information").

14. The inaccurate information includes, but is not limited to, the Jefferson Capital collection account.

15. Trans Union and Equifax have been and continue to sell credit reports about Ms. Rohde.

16. The credit reports sold by Trans Union and Equifax are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

17. This inaccurate information negatively reflects upon Ms. Rohde, Ms. Rohde's credit repayment history, Ms. Rohde's financial responsibility as a debtor and Ms. Rohde's credit worthiness.

18. Ms. Rohde has disputed the inaccurate information with Defendants by following Trans Union and Equifax's established procedures for disputing consumer credit information.

19. Ms. Rohde has disputed the inaccurate information with Trans Union and Equifax from October 2025 through the present.

20. Upon information and belief, Trans Union and Equifax provided Jefferson Capital with notice of Ms. Rhode's disputes.

21. Notwithstanding Ms. Rhode's efforts, TransUnion and Equifax have sent Ms. Rhode correspondence indicating their intent to continue publishing the inaccurate information and Trans Union and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Trans Union and Equifax have repeatedly

published and disseminated consumer reports to such third parties from at least October 2025 through the present.

22. TransUnion and Equifax negligently and recklessly failed to conduct reasonable investigations of Ms. Rohde's disputes, *inter alia*, by: failing to conduct any investigation into the account at all; failing to review and consider the information submitted by Ms. Rhode; failing to contact Ms. Rhode to elicit more specific information about her disputes; failing to contact persons or entities with knowledge about the account; and failing to properly communicate the substance of the disputes to the relevant furnishers of the account at issue.

23. TransUnion and Equifax also acted recklessly, *inter alia*, by routinely conducting investigations in the manner described above, and further, knew or should have known that the way they investigate disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

24. Jefferson Capital has also negligently and recklessly failed to conduct timely and reasonable investigations after receiving notice of Ms. Rhode's disputes from Trans Union and Equifax, *inter alia*, by: failing to conduct any investigation into the account at all; failing to properly review the relevant account information; failing to review and consider information submitted by Ms. Rhode; failing to contact Ms. Rhode to elicit more specific information about her disputes; failing to contact persons or entities with knowledge about the account; and/or failing to report the account as disputed.

25. Jefferson Capital also acted recklessly, inter alia, by routinely conducting investigations in the manner described above, and further, knew or should have known that the

way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

26. The activities described above were all done by Jefferson Capital in an attempt to collect the debt with the intent to annoy, abuse and harass Ms. Rohde.

27. Jefferson Capital acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

28. Jefferson Capital acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of the debt.

29. Jefferson Capital acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

30. Jefferson Capital acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

31. Jefferson Capital knew or should have known that its actions violated the FDCPA. Additionally, Jefferson Capital could have taken the steps necessary to bring its agents' actions within compliance but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

*Plaintiff Mathew Farina and Faith Rohde's Allegations against Equifax*

32. Equifax has been failing to include an account in Plaintiffs' credit files and credit reports for rental payment history at Lafayette at Valley Forge Apartments that was reported to Equifax by Homebody rent reporting service since December 2024.

33. Plaintiffs' have received correspondence from Homebody informing them that Homebody has been reporting the account to Equifax.

34. Equifax has been and continues to sell credit reports about Plaintiffs that failed to include the Homebody account.

35. The credit reports sold by Equifax are "consumer reports" as that term is defined by the FCRA. 15 U.S.C. §1681a(d)(1).

36. Equifax's failure to include the Homebody account in in Plaintiffs' credit files and credit reports negatively reflects upon Plaintiffs, their credit repayment history, their financial responsibility as debtors and their credit worthiness.

37. Plaintiffs have submitted disputes to Equifax requesting that Equifax include the Homebody account in their credit files and credit reports by following Equifax's established procedures for disputing consumer credit information.

38. Plaintiffs have been disputing with Equifax from August 2025 through the present.

39. Notwithstanding Plaintiffs' efforts, Equifax has sent Plaintiffs correspondence indicating its intent to not report the Homebody account in their credit reports and has continued to publish and disseminate credit reports without that information to other third parties, persons, entities and credit grantors from at least August 2025 through the present.

40. Equifax negligently and recklessly failed to conduct reasonable investigations of Plaintiffs' disputes, *inter alia*, by: failing to conduct any investigation into the dispute at all; failing to include the Homebody account in their credit file and credit reports after receiving Plaintiffs' disputes; failing to review and consider the information submitted by Plaintiffs and Homebody; and failing to contact Plaintiffs to elicit more specific information about their disputes.

41. Equifax also acted recklessly, *inter alia,* by routinely conducting investigations in the manner described above, and further, knew or should have known that the way it investigates disputes would result in erroneous verification of false, inaccurate, incomplete and misleading account information similar or identical to the result of the disputes here.

42. As a result of Defendants' conduct, Plaintiffs' have suffered actual damages in the form of harm to credit reputation and credit score, harm to personal reputation, lost time disputing and emotional distress.

43. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

## COUNT I – TRANS UNION AND EQUIFAX
## VIOLATIONS OF THE FCRA

44. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

45. Trans Union and Equifax violated the FCRA by negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report about Plaintiffs as described above. 15 U.S.C. § 1681e(b).

46. Trans Union and Equifax also violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Plaintiffs' disputes as described above. 15 U.S.C. §1681i(a).

47. The conduct of Trans Union and Equifax was a direct and proximate cause and/or substantial factor in causing the injuries to Plaintiffs as described above.

48. As a result of the violations of the FCRA by Trans Union and Equifax identified herein, these Defendants are liable to Plaintiffs for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

### COUNT II – JEFFERSON CAPITAL
### VIOLATIONS OF THE FCRA

49. Ms. Rohde incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. Jefferson Capital violated the FCRA by negligently and willfully failing to conduct reasonable investigations of Ms. Rhode's disputes as described above. 15 U.S.C. § 1681s-2(b).

51. The conduct of Jefferson Capital was a direct and proximate cause and/or substantial factor in causing the injuries to Ms. Rohde as described above.

52. As a result of the violations of the FCRA by Jefferson Capital identified herein, this Defendant is liable to Ms. Rhode for damages to include: statutory damages, actual damages, punitive damages, costs of this action and attorney's fees. 15 U.S.C. §§ 1681n & 1681o.

### COUNT III – JEFFERSON CAPITAL
### VIOLATIONS OF THE FDCPA

53. Ms. Rohde incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Jefferson Capital's actions as described above constitute violations of the FDCPA including but not limited to:

 (a) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

 (b) Falsely representing the character, amount, or legal status of a debt;

 (c) Communicating information that is known to be false;

  (d)  Using false and deceptive means to collect a debt; and

  (e)  Using unfair or unconscionable means to collect or attempt to collect a debt.

15 U.S.C. §§ 1692d, 1692e, and 1692f.

55. Jefferson Capital's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Ms. Rohde's rights under the law and absent bona fide error.

56. Jefferson Capital's conduct was a direct and proximate cause and/or substantial factor in causing the injuries to Ms. Rohde as described above.

57. As a result of the above violations of the FDCPA, Jefferson Capital is liable to Ms. Rohde for damages to include: statutory damages, actual damages, costs of this action and attorney's fees.

## **JURY TRIAL DEMAND**

58. Plaintiffs demand trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek judgment in Plaintiffs' favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.


Dated: January 15, 2026                                       Respectfully Submitted,


By: _____
Gregory Gorski, Esquire
Bar Number: 91365PA
**GORSKI LAW, PLLC**
610 Old York Road, Suite 400
Jenkintown, PA 19046
Tel: 215-330-2100
Fax: 215-893-8904
Email: greg@greggorskilaw.com

Attorneys for Plaintiff